## Miller et al. v. Commonwealth ex rel. Dummit, Attorney General.

October 24, 1947.

Rehearing denied January 20, 1948.

Lawrence F. Speckman, Judge.

W. S. Heidenburg for appellants.

Eldon S. Dummit, Attorney General, Frank A. Ropke and Charles E. Keller for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

The appellants have been enjoined from conducting gambling operations and maintaining a nuisance at a place called the "Turf Cafe," situated on the southeast corner of Fourth and Central Avenues in Louisville. The parties are Coleman R. Miller, Sr., alias Coley Miller; Edward J. Miller; Catherine M. Ogden; John Keene Claxton, Jr.; Bertha E. Krieger; David Hosse, alias David Clifton Hosse, alias Sonnie Hosse; John Fox, alias John Ernest Fox, alias Jack Murphy; Mose Kennedy, alias Arthur Johnson, alias Arch Johnson,

alias Ted Nelson, alias John Elmo Kennedy; Nick Stockard, alias James Smith; Charles Herman Stewart, and Coleman Miller, Jr., alias Coley Miller. The record is substantially the same as in Goose v. Commonwealth, 305 Ky. 644, 205 S. W. 2d 326.

These appellants, especially Miller, Sr., who owns the building, offer as a special ground for reversal of the judgment that it covers portions of the premises in which there have never been any gambling activities. The main entrance of the saloon is at the corner and is numbered 3101 South Fourth St. A storeroom adjoins it and is separated by a division wall through which there is a doorway. It is numbered 3103, and has been primarily used as a stockroom for the saloon. It is under the control of the proprietors of the gambling operations. Between these two storerooms is an entrance, numbered 3102½, to living apartments on the second floor of the building. The property extends along Central Avenue about 175 feet to an alley. On the alley corner is a small frame structure in which a fruit and soft drink stand has been conducted by a person who is not a party to the suit. The injunction covers the entire premises.

The evidence of the gambling operations is confined to the saloon or corner storeroom. The occupants of the residence portion of the building and the proprietor of the little fruit stand did not intervene or raise any objection. They have not been and will not be disturbed so long as they do not maintain or permit a nuisance to be maintained on their part of the premises. We think it proper to have included the entire premises. It was reasonably necessary to suppress the nuisance. It would be of little avail to enjoin the use of a particular spot, for the defendants would doubtless step out of it and continue their nuisance. As the chancellor observed on this point, "One drop of gambling influence contaminates the whole."

The judgment is affirmed.